UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE RANKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1428** |
| **KERRI A. KERWIN, PHILLIPS AND JORDAN, INC., AND AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction of Kerri A. Kerwin, Phillips and Jordan, Inc., and American Contractors Insurance Company Risk Retention Group, pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**. (Document #6).

## I. BACKGROUND

On May 9, 2007, Maurice Rankins was involved in an automobile accident with Kerri A. Kerwin at the intersection of Gentilly Boulevard and Paris Avenue in New Orleans, Louisiana, and suffered damage to his vehicle and bodily injury. The accident report states that Kerwin was traveling westbound on Gentilly Boulevard when she dropped her Global Positioning System (GPS). She attempted to retrieve it from the floor when she swerved to the right and struck

Rankins' vehicle. Kerwin was cited for not using reasonable vigilance. Kerwin was driving a vehicle owned by her employer, Phillips and Jordan, Inc. (Phillips). Phillips paid Rankins directly for property damage and rental car expenses.

Rankins filed a petition for damages in Civil District Court for the Parish of Orleans against Kerwin; Philips; and American Contractors Insurance Company Risk Retention Group (American), Philips' automobile liability insurer. He alleges that Kerwin was negligent in operating the vehicle and that Philips is vicariously liable for the negligent acts.

The defendants removed the case to federal court based on diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. The defendants also assert federal question jurisdiction under the Federal Tort Claims Act (FTCA) and the Stafford Act because Phillips was the prime contractor for the United States Army Corps of Engineers, performing recovery work following Hurricane Katrina.[1] In the answer, the defendants raised the affirmative defense of derivative immunity from suit as a government contractor. The defendants filed a motion to dismiss for lack of subject matter jurisdiction.

## II. DISCUSSION

**A. Legal standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be

---

[1] The Army Corps of Engineers awarded Contract No. W 912P8-05-D-0022 for debris removal and site management in Orleans Parish from September 8, 2005 to September 2007. See Def."s exh. A, affidavit of Clint Stephens.

found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

**B. Government contractor immunity**

The defendants contend that the court lacks subject matter jurisdiction because they enjoy derivative immunity from suit for tort damages while acting under the direction or on behalf of the federal government in the exercise of legitimate authority. The defendants argue that there is no reasonable dispute that Phillips and Kerwin were acting within the scope of the contract with the United States. Moreover, they argue that they operated under the precise specifications of the contract and under the direct oversight and supervision of the Corps of Engineers.

Rankins contends that the cause of the accident was not the act of a contractor implementing a discretionary decision or function in the execution of a post-Katrina debris-collection contract, but Kerwin's negligence in operating a motor vehicle. Rankins contends that there is no evidence of Kerwin's job title, duties or involvement in debris-collection activity, and there is no immunity for Kerwin's acts of negligence.

"The FTCA provides the sole basis of recovery for tort claims against the United States." In re Supreme Beef Processors, Inc., 468 F.3d 248, 252 n.4 (5th Cir. 2006). Congress provided

substantive limits on the standards of liability in the discretionary function and intentional tort exceptions to the FTCA. Id.; 28 U.S.C. § 2680.[2] "Government contractor immunity is derived from the government's immunity from suit where the performance of a discretionary function is at issue." Kerstetter v. Pacific Scientific Co., 210 F.3d 431, 435 (5th Cir. 2000) (quoting Boyle v. United Tech. Corp., 108 S.Ct. 2510 (1988)).

The Supreme Court has enunciated a two-part test to determine whether the discretionary function exception applies. See United States v. Gaubert, 111 S.Ct. 1267, 1273 (1991). First, "[t]he exception covers only acts that are discretionary in nature, acts that involve an element of judgment or choice." Id, at 1273 (internal quotation and citation omitted). "[I]t is the nature of the conduct, rather than the status of the actor that governs whether the exception applies." Id. (internal quotation and citation omitted). Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception was designed to shield." Id.

The undisputed facts evidence that Phillips was a government contractor engaged in the removal of post-Katrina debris. However, the alleged acts of negligence of Kerwin, Phillips' employee, in operating a motor vehicle are unrelated to the debris removal contract with the government and do not involve an element of judgment or choice. In Gaubert, the Supreme

---

[2] Section 2680 provides an exception to the FTCA Act for
"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty or whether or not the discretion involved be abused."

Court noted as follows:

> There are obviously discretionary acts performed by a Government agent that are within the scope of his employment but not within the discretionary function exception because these acts cannot be said to be based on the purposes that the regulatory regime seeks to accomplish. If one of the officials involved in this case drove an automobile on a mission connected with his official duties and negligently collided with another car, the exception would not apply. Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy.

Gaubert, 111 S.Ct. at 1275 n.7.

Kerwin's alleged actions in reaching for the GPS and steering her vehicle into Rankins' vehicle does not raise an issue of the performance of a discretionary function. Accordingly, the discretionary function exception does not apply, and the defendants are not entitled to government contractor immunity. It does not appear certain that Rankins cannot prove any set of facts in support of his negligence claim that would entitle him to relief; therefore, the defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

New Orleans, Louisiana, this 16th day of September, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**